34266.   DOLLAR *v.* JOHNSTON.

DECIDED NOVEMBER 21, 1952.

*Maddox & Maddox,* for plaintiff in error.

*C. H. Porter, Matthews, Maddox & Bell,* contra.

FELTON, J. The evidence was insufficient· to show that the plaintiff colluded with her sister to defraud the defendant. While the facts and circumstances may be sufficient to show an evil design on the part of Mrs. Johnston, they are wholly insufficient to authorize a finding that the plaintiff was a party to the plan. The only basis upon which the charge against the plaintiff could reasonably be based is: (1) that she was Mrs. Johnston's sister; (2) that she knew that the transaction was a part of a plan of reconciliation between the Johnstons; (3) that Mrs. Johnston did not live up to her agreement; and (4) that Mrs. Johnston was not put on the stand. However grave a suspicion these facts might have cast upon Mrs. Dollar's participation in the trade, they are consistent with her innocence. It is true that Mrs. Dollar's testimony was contradictory on the point whether the sale of the house was a part of the plan for reconciliation. The only legal consequence of this conflict is the construction of her testimony against her to the effect that she did know it was a part of such a plan. But this conclusion would not, with the other circumstances, show that Mrs. Dollar knew that Mrs. Johnston did not intend, at the time of making it, to keep her promise to return to her husband. Mrs. Dollar denied that there was any collusion, and her testimony in this regard was not equivocal or contradictory. The fact that Mrs. Johnston was in court and not called to testify by the plaintiff would not authorize a finding against the plaintiff. This is true for several reasons, but we shall not endeavor to exhaust this subject. The defendant admitted a prima facie case and assumed the burden of proof. The defendant's testimony did not authorize a verdict in his favor, and whatever Mrs. Dollar thought was necessary to prove in order to prevail, it cannot be held that the contention against Mrs. Dollar was sustained by her failure to offer a witness when she did not need a witness in order to prevail. The court is cognizant of the fact that slight circumstances are sufficient to show fraud, especially in transactions between relatives, but it is also true

that mere suspicions are not enough, and circumstances which are equally consistent with good faith are likewise insufficient. Since there were no facts and circumstances sufficient to authorize the finding that Mrs. Dollar knew that Mrs. Johnston did not intend to keep her promise to return to her husband at the time she made the promise, the court erred in overruling the motion for a new trial. The court is of the opinion that it is unnecessary to rule upon the special grounds, as the ruling made covers most of them.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*